956 F.2d 1168
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Delphino Max GUEVERA, Defendant-Appellant.
 No. 90-30427.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 26, 1992.*
Decided March 3, 1992.
 
 Before CANBY, WILLIAM A. NORRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Delphino Max Guevera appeals his conviction, following a jury trial, for assault with a dangerous weapon with intent to do bodily harm, in violation of 18 U.S.C. §§ 1153 and 113(c). Guevera contends that the district court's jury instruction on specific intent was inadequate, and should result in reversal and a new trial. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review jury instructions as a whole to determine whether they are misleading or inadequate. United States v. Sanchez, 914 F.2d 1355, 1358 (9th Cir.1990), cert. denied, 111 S.Ct. 1626 (1991). The standard of review is generally abuse of discretion. Id. When, as here, however, no formal, timely, and distinctly stated objection is made, we review the challenged instruction for plain error. See Id. "Plain error is found only in exceptional circumstances, when the error is highly prejudicial, affects substantial rights, and it is highly probable that it materially affected the verdict." Id.
 
 
 4
 Although Guevera's attorney made no objection to the specific intent instruction given by the court, he had proposed an alternative instruction. The specific intent instruction given by the district court, instruction number 3, is modeled after the language of the standard specific intent instruction found in the comment to instruction 5.04 of the Manual of Model Criminal Jury Instructions for the Ninth Circuit. Thus, the court's specific intent instruction makes no explicit reference to the exact mental state required for a conviction for assault with a dangerous weapon with intent to do bodily harm, under 18 U.S.C. §§ 1153 and 113(c). The district court, however, also gave instruction number 24, which explicitly states the precise mental state required for the offense charged, i.e., that the defendant must have committed the assault with the intent to do great bodily harm to the plaintiff. Taken as a whole, the jury instructions were not misleading or inadequate, and consequently, we find no plain error. See id.
 
 
 5
 The argument that the district court erred in failing to allow the particular specific intent instruction proposed by the defendant's counsel is without merit. A defendant is not entitled to any particular form of an instruction so long as the instructions given, as here, fairly and adequately cover the defense. See United States v. Slaughter, 825 F.2d 1292, 1295 (9th Cir.1987), cert. denied, 484 U.S. 1046 (1988).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3